**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JERMAINE DONLOW, et al., : | |
| : | CIVIL ACTION NO. 09-6248 (MLC) |
| Plaintiffs, : | |
| : | **O R D E R** |
| v. : | |
| : | |
| GARFIELD PARK ACADEMY, et al.,: | |
| : | |
| Defendants. : | |

**THE PLAINTIFFS**, Jermaine Donlow ("Donlow") and his guardian ad litem Melissa Brooks Donlow, seeking a preliminary injunction to enjoin the defendant Garfield Park Academy ("Garfield Park") from using certain time-out disciplinary rooms ("time-out rooms") in its school facility, or in the alternative, ordering it to abide by and enforce written policies and procedures regarding the use of the time-out rooms (dkt. entry no. 6, Pl. Br.); and the plaintiffs further seeking to enjoin the defendant Hamilton Township Board of Education ("Board of Education") from allowing time-out rooms in schools, or in the alternative, ordering it to bar the use of such time-out rooms unless the Board of Education adopts written due-process procedures for such use (id.); and the plaintiffs arguing that the use of the time-out rooms deprives students of their constitutional rights, and that Donlow was placed in a time-out room in 2007 while enrolled at Garfield Park (id.); and

**IT APPEARING** that injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances," Novartis Consumer Health Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted); and it further appearing that to obtain interim relief, a movant must demonstrate both a likelihood of success on the merits and the probability of irreparable harm absent the injunction, Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988); and it further appearing that the Court, in considering whether to issue a preliminary injunction must consider whether (1) the movant has shown a reasonable probability of success on the merits, (2) the movant will be irreparably injured by denial of the relief, (3) granting the preliminary relief will result in even greater harm to the nonmoving party, and (4) granting the preliminary relief is in the public interest, ACLU of N.J. v. Black Horse Pike Reg'l Bd. Of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996); AT&T Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994); See The Nutrasweet Co. v. Vit-Mar enter., Inc., 176 F.3d 151, 153 (3d Cir. 1999); and it further appearing that the Court should issue an injunction "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief," AT&T Co., 42 F.3d at 1427 (citation omitted); see The Nutrasweet Co., 176 F.3d at 153

(noting that a plaintiff's failure to establish any one of the four elements renders a preliminary injunction inappropriate); and

**IT FURTHER APPEARING** that demonstrating irreparable harm is "[p]erhaps the single most important prerequisite" for issuing a preliminary injunction, <u>Garten v. Hochman</u>, No. 08-9425, 2009 WL 302267, at *5 (S.D.N.Y. Jan. 28, 2009); and it appearing that the party seeking injunctive relief must demonstrate irreparable harm by "a clear showing of immediate irreparable injury," <u>Florence v. Bd. of Chosen Freeholders</u>, 595 F.Supp.2d 492, 514 (D.N.J. 2009) (citation omitted); and it further appearing that even if a plaintiff properly alleges a violation of his constitutional rights, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief," <u>id.</u> (citation omitted); and it appearing that to demonstrate irreparable harm, "the plaintiffs must show . . . [that he] will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated," <u>Abney v. Amgen, Inc.</u>, 443 F.3d 540, 552 (6th Cir. 2006) (citation omitted); and the Court noting that a plaintiff demonstrates irreparable harm when such "plaintiff demonstrates a significant risk that he or she will experience harm," <u>Florence</u>, 595 F.Supp.2d at 514 (emphasis removed); and

**THE COURT** having considered the papers of both parties; and the Court noting that the plaintiffs' only argument concerning irreparable harm is that Donlow is still within the Hamilton Township School District, and thus "[t]here is the possibility of irreparable hard (sic) to him and others" (Pl. Br.), and that "[t]here is reason to believe he could be placed right back in a [time-out room] at . . . Garfield Park Academy" (dkt. entry no. 12, Pl. Reply Br.); and the Court further noting that Donlow has not attended Garfield Park since June 2007 and is currently not enrolled there; and the Court noting that the plaintiffs only allege Donlow's past exposure to illegal conduct, and that the plaintiffs only speculate as to the possibility of future irreparable harm; and the Court noting that such speculation is insufficient to demonstrate irreparable harm for purposes of a preliminary injunction; and the Court further noting "[t]here is no demonstrated probability that [Donlow] would be subjected to the same action again," <u>Jersey Cent. Power & Light Co. v. State of New Jersey</u>, 772 F.2d 35, 40 (3d Cir. 1985); and the Court noting that the plaintiffs have not "demonstrate[d] a significant risk that [Donlow] . . . will experience harm;" and the Court thus finding that the plaintiffs lack standing to enjoin allegedly unconstitutional practices at a school in which Donlow is no longer enrolled; and

**THE COURT** further finding the plaintiffs' argument that Donlow's enrollment in the Hamilton Township School District could subject him to the possibility of future harm at Garfield Park unpersuasive, see Vasquez v. Brown, No. 03-5596, 2008 WL 746593, at *7-*8 (D.N.J. Mar. 18, 2008) (denying motion for preliminary injunction for prisoner, who while still incarcerated in New Jersey Department of Corrections facility, sought to enjoin allegedly unconstitutional acts at facilities where he was no longer incarcerated); and the Court thus finding that the plaintiffs have failed to demonstrate that Donlow will be irreparably injured by denial of the relief; and for good cause appearing;

**IT IS THEREFORE** on this    31st    day of March, 2010, **ORDERED** that the plaintiffs' motion for a preliminary injunction (dkt. entry no. 6) is **DENIED;** and

**IT IS FURTHER ORDERED** that the Court will soon address the defendants' pending motion under docket entry no. 13.

        s/Mary L. Cooper
    **MARY L. COOPER**
    United States District Judge