**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                :
JERMAINE DONLOW, et al.,        :
                                :     CIVIL ACTION NO. 09-6248 (MLC)
       Plaintiffs,              :
                                :     MEMORANDUM OPINION
       v.                       :
                                :
GARFIELD PARK ACADEMY, et al.,  :
                                :
       Defendants.              :
                                :
```

**COOPER, District Judge**

The plaintiffs, Jermaine Donlow ("Donlow") and his guardian
ad litem Mellissa Brooks Donlow ("plaintiffs"), originally
brought this action in New Jersey Superior Court.  (Dkt. entry
no. 1, Notice of Removal, Ex. A., Second Am. Compl.)  The action
was removed to this Court in December 2009.  (Notice of Removal.)
The plaintiffs allege violations of Donlow's constitutional
rights pursuant to 42 U.S.C. §§ ("Sections") 1983 and 1985, as
well as several state law claims.  (Second Am. Compl.)  The
plaintiffs moved for a preliminary injunction on January 5, 2010.
(Dkt. entry no. 6, Prelim. Inj.)  The Court denied this motion on
April 1, 2010. (Dkt. entry no. 17, 4-1-10 Order.)  The defendants
Ronald Amos, Jeffrey Dalrymple, Garfield Park Academy, Amy
Kasten, Rachel Krompinger, Anthony Lorine, Gladys Morse, Steven
Morse, Larry Oronzio, Dale Starcher, Debonais Trudeau, Chester
Vincent, and Mary Wightman ("Garfield Park defendants") now move
to dismiss the Complaint pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(6) insofar as it alleges claims under Section 1983 and 1985 against them because they are not state actors.  (Dkt. entry no. 13, Motion to Dismiss.)  The Garfield Park defendants also move for a more definite statement pursuant to Rule 12(e).  The plaintiffs oppose the motion.  (Dkt. entry no. 15, Pl. Br.)  The Court determines the motion on the briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will grant the motion in part and deny the motion in part.

## BACKGROUND

Donlow was enrolled at Garfield Park Academy ("Garfield Park"), a private institution, in 2007 after being referred there by the Hamilton Township Board of Education.  (Dkt. entry no. 6, Pre. Inj. Br. at 7.)  Donlow was enrolled in the Hamilton Township School District, but the Hamilton Township Board of Education determined that his special needs would be better met through an out-of-district placement at Garfield Park.  (Id.)  Donlow was a ninth grade student functioning on a third-grade reading and math level.  (Dkt. entry no. 10, Garfield Park Br. at 1.)  Donlow, while enrolled in Garfield Park, was involved in an incident during which he assaulted staff members and police had to be called to Garfield Park.  (Dkt. entry no. 13, Def. Br. at 1.)  This led to a confrontation with police officers resulting in a non-fatal shooting of Donlow.  (Id.)  The plaintiffs allege

2

that the Garfield Park defendants disregarded their duty to provide for Donlow's safety and well-being.  (Second Am. Compl. at 4.)  They also allege that the Garfield Park defendants falsely imprisoned Donlow and were negligent when they placed him into a windowless disciplinary room.  (Id. at 7.)  They further allege that the Garfield Park defendants conspired to violate Donlow's constitutional rights in violation of Section 1985. (Id. at 11.)

## DISCUSSION

### I.   12(b)(6) Standard

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "[W]here the well-pleaded facts do not permit the court

3

to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- that the 'pleader is entitled to relief.'" <u>Iqbal</u>, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

## II.  12(e) Standard

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).  A plaintiff is required to "provide the opponent with fair notice of a claim and the grounds on which that claim is based." <u>Kanter v. Barella</u>, 489 F.3d 170, 175 (3d Cir. 2007).  "[M]otions for more definite statement[s] are generally disfavored, and should be granted only if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." <u>Ctr. Pointe Sleep Assocs., LLC v. Panian</u>, No. 08-1168, 2009 WL 789979, at *1 (W.D. Pa. Mar. 18, 2009) (citation omitted).  "When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot be expected to frame a proper, fact specific . . . defense; [t]he Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief." <u>Thomas v. Independence Twp.</u>, 463 F.3d 285, 301 (3d Cir. 2006).

4

**III. Section 1983**

To state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d. Cir. 1994).

**IV. Section 1985**

Section 1985 also applies to state action. Bey v. Bruey, No. 09-1092, 2009 WL 961411, at *6 (D.N.J. Apr. 8, 2009). A plaintiff alleging a violation of Section 1985(3) must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Id.

**V. Current Motion**

The Garfield Park defendants move to dismiss the Section 1983 and Section 1985 claims insofar as they are asserted against them because they argue they are not state actors acting under color of state law as required by both Sections. (Def. Br. at 2.) They articulate the tests traditionally employed by the Court to determine whether state action exists and assert that they cannot be classified as state actors under any of these tests. (Id. at 3.)

They first argue that they are not state actors under the public function test.  (Id.)  They state that under this test, the Court must determine whether the action in question has traditionally been the exclusive prerogative of the state.  (Id.)  They note the Supreme Court's decision in Rendell-Baker v. Kohn, 457 U.S. 830 (1982), in which the Supreme Court held that a private school providing educational services to "maladjusted" students was not a state actor, despite the school's public funding.  (Id. at 4.)  The Court in Rendell-Baker found that educating maladjusted students was not a service that had traditionally been the exclusive prerogative of the state. Rendell-Baker, 457 U.S. at 842.  The Garfield Park defendants also note the decision of the Third Circuit Court of Appeals in Robert S. v. Stetson Sch., Inc., 256 F.3d 159 (3d Cir. 2001), in which the court held that a private school that educated state-referred juvenile sex offenders was not a state actor.  (Def. Br. at 4.)  They argue that courts have only deemed a private school to be a state actor in cases where the private school has actual custody over the student.  (Id. at 5.)  They argue that the Garfield Park defendants did not have custody over Donlow and were not performing a service that has traditionally been the exclusive prerogative of the state.  (Id. at 5.)

They next argue that they are not state actors under the close nexus test.  (Id. at 6.)  They state that the close nexus

test dictates that state action can be found when there is a
sufficiently close nexus between the state and the challenged
action of the regulated entity.  (Id.)  They state that liability
arises only if the state exercised coercive power or provided
significant encouragement for the private action.  (Id.)  They
contend that the receipt of public funds and performance of
public contracts is insufficient to warrant state action under
this test.  (Id.)  They further argue that extensive state
regulation, without more, fails to make a private actor's actions
that of the state.  (Id. at 7.)  They argue that the state did
not provide coercive power or encouragement for their alleged
actions, and as such, they cannot be deemed state actors.  (Id.
at 8.)

They further argue that they cannot be deemed state actors
under the symbiotic relationship test.  (Id. at 9.)  They contend
that pursuant to Rendell-Baker, a private school's fiscal
relationship with the state is insufficient to create a symbiotic
relationship.  (Id. at 9-10.)  They state that Garfield Park is
independently run, organized, and governed.  (Id. at 11.)  They
assert that a mere working relationship between Garfield Park and
the state is insufficient to create a symbiotic relationship.
(Id. at 11.)

The Garfield Park defendants also move for a more definite
statement pursuant to Rule 12(e).  (Id. at 13.)  They argue that

7

the claims confuse state and federal law in the counts, and as such, it is unclear where the plaintiffs are alleging state law violations and where they are alleging federal law violations. (Id. at 14.)  They further contend that the plaintiffs fail to identify which of the Garfield Park defendants are responsible for which wrongful conduct.  (Id.)

The plaintiffs argue that the Garfield Park defendants are, in fact, state actors.  (Pl. Br. at 4.)  They first argue that the implementation of Donlow's Individualized Education Plan ("IEP") pursuant to the Individuals with Disabilities in Education Act ("IDEA") constituted a joint activity between the Garfield Park defendants and public school board.  (Id.)  They argue that federal law mandates that the IEP be implemented under public supervision.  (Id. at 5.)  They contend that Garfield Park's implementation of an IEP in conjunction with the public school board is state action.  (Id. at 11.)

They argue that in determining whether an action is a state action, the Court must only answer whether the challenged conduct was compelled or influenced by the state.  (Id. at 14.)  They then argue that Donlow's IEP is evidence that state officials were aware of or approved of the conduct of the Garfield Park defendants, thereby creating state action.  (Id. at 18.)

They further argue that if the Court deems it necessary for them to file a more definite statement, they have prepared a

proposed Third Amended Complaint to be filed in lieu of a more
definite statement.  They agree with the Garfield Park defendants'
assertion that they confused state claims with federal claims and
have revised this in the Third Amended Complaint.  (Id. at 25.)

The Garfield Park defendants state that the plaintiffs
mischaracterize the appropriate test to determine whether a party
is a state actor.  (Dkt. entry no. 16, Reply Br. at 2.)  They
state that the appropriate test is not whether the challenged
conduct was compelled or influenced by the state.  (Id. at 4.)
They further argue that the placement of a public school student
into a private school under the IDEA does not serve to transform
the private school into a state actor.  (Id. at 10.)

They further state that the plaintiffs did not present them
with a copy of the proposed Third Amended Complaint and as, such,
they cannot respond to it.  (Id. at 11-12.)  They state that the
plaintiffs' allegations are vague and they are unable to
determine the specific time frame and events to which the
plaintiffs refer.  (Id. at 12.)  They seek a more specifically
pleaded complaint detailing the relevant time periods that
comprise the asserted causes of action.  (Id.)

The Court finds that the plaintiffs have failed to
demonstrate that the Garfield Park defendants are state actors as
required by Sections 1983 and 1985.  To determine whether conduct
comprises state action, the Court must determine whether the

9

conduct in question is "fairly attributable to the [s]tate."
Lugar v. Edmondson Oil Co., 457 U.S. 922, 923 (1982).  This is a
fact-sensitive inquiry conducted on a case-by-case basis.
Conklin v. Warrington Twp., No. 06-2245, 2008 WL 2704629, at *6
(M.D. Pa. July 7, 2008).  The Court employs three tests to
determine whether the defendant is a state actor, the close nexus
test, the public function test, and the symbiotic relationship
test.  Lewis v. Pearsall, No. 08-786, 2009 WL 4259540, at *2
(D.Del. Oct. 8, 2009); Max v. Republican Comm., No. 07-4488, 2008
WL 4489864, at *6 (E.D. Pa. Oct. 3, 2008).

     The public function test provides that a private party may
be deemed a state actor if the private party "has been delegated
a power traditionally exclusively reserved to the state."  Pugh
v. Downs, 641 F.Supp.2d 468, 472 (E.D. Pa. 2009).  Merely
performing a function that serves the public does not create
state action under this test.  Rendell-Baker, 457 U.S. at 842.
This test is rarely satisfied as "few functions have
traditionally been the sole domain of states."  Boggi v. Med.
Review & Accrediting Council, No. 08-4941, 2009 WL 2951022, at *7
(E.D. Pa. Sept. 15, 2009); see also Robert S., 256 F.3d at 165
(noting that the public function test is a rigorous one).

     The symbiotic relationship test provides that defendants are
state actors if there is a symbiotic relationship between the
state and private actors, such that the private actors' actions

10

can be fairly attributable to the state.  This test is met when "the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." Faylor v. Szupper, No. 08-996, 2010 WL 1257467, at *10 (W.D. Pa. Mar. 30, 2010) (citation omitted).  This test "demands a close association of mutual benefit between the state and the private entity." Id. at *11 (citation omitted).  This test "provides only a narrow basis for finding that private action may be attributed to the state." Max, 2008 WL 4489864, at *7.

A private actor's actions may also be fairly attributable to the state if they bear a sufficiently close nexus to the state. The close nexus test examines whether the state exercised coercive power or significant encouragement for the private actor's actions. Boggi, 2009 WL 2951022, at *6.  "[S]tate funding and regulation of a private entity, do not, without more, convert the entity's conduct into state action" under this test Davenport v. St. Mary Hosp., 633 F.Supp. 1228, 1233 (E.D. Pa. 1986).  "This test is met only if it can be said that the state is responsible for the specific conduct about which the plaintiff complains." Boggi, 2009 WL 2951022, at *6.

Several other courts have examined facts similar to those alleged here, and have held that the private school defendants were not state actors under any of the three tests.  In P.N. v.

Greco, a special-needs student, was placed in a private school
pursuant to the student's IEP.  282 F.Supp.2d 221, 226 (D.N.J.
2003).  This private school accepted tuition payments from the
public board of education.  Id. at 227.  The Court noted that the
private school, despite implementing the student's IEP was not
acting under color of state law for Section 1983 purposes.  Id.
at 238 ("A school performing the functions that [the private
school at issue] performed with respect to [the plaintiff] does
not act under color of state law for the purposes of [Section]
1983.").  In Rendell-Baker, the Supreme Court evaluated a private
school that specialized in educating students with behavioral
issues.  457 U.S. at 831-32.  Despite the fact that the school
received public funding and educated students referred by the
public school system, the Court held that the school was not a
state actor.  Id. at 839-43.  The Court held that the school was
not a state actor under the public function test, the symbiotic
relationship test, or the close nexus test. Id. at 841-43; see
also Logiodice v. Trs. of Me. Cent. Inst., 170 F.Supp.2d 16, 29
(D. Me. 2001) (holding that private school that contracted with
and received substantial public funding was not a state actor
under close nexus test or symbiotic relationship test).

     In Robert S., the Third Circuit Court of Appeals held that a
private school that the state contracted with to rehabilitate and
educate juvenile sex offenders was not a state actor.  256 F.3d

at 169.  The court stated that despite the fact that the private school "worked in close concert with state and local governments" and accepted city funding, the school was not a state actor.  Id. at 163.  The Court stated "[t]he mere fact that [the private school] performs a function which serves the public does not make its acts state action."  Id. at 166.

In Hamlin v. City of Peekskill Bd. of Educ., a special-needs student attended a private school at the expense of her local school district.  377 F.Supp.2d 379, 381 (S.D.N.Y. 2005).  The court held that the private school was not a state actor.  Id. at 386.  The court first utilized the public function test and said that while education is important, it is not the exclusive prerogative of the state.  Id. at 386.  It further stated that the receipt of state funding and the contract with the state also failed to classify the school as a state actor.  Id. at 386, 390. The Court specifically addressed the fact that the school district was required to provide the student with a free appropriate public education under the IDEA and sent the student to a private school to achieve that.  Id. at 386-87.  The Court stated "the fact that [the school district] chose to fulfill its duty by sending [the student] to a private school that could more appropriately deal with her special needs does not transform the private school into a state actor."  Id.  The Court further rejected that the state and the private school acted in concert.  "The mere fact that

13

[the private school] and the government are involved in educating children does mean that [the private school] was acting in concert with [the] state actor."  Id. at 390.

The Court agrees with the Garfield Park defendants that they are not state actors for Section 1983 and 1985 purposes.  The plaintiffs carry the burden of demonstrating that the Garfield Park defendants are state actors, and they have failed to meet this burden.  Courts have consistently held that private schools that educate special-needs students at the request of school districts are not state actors.  The Garfield Park defendants are not state actors under the public function test as education, and the education of "maladjusted" students has not traditionally been "the exclusive prerogative of the state."  Rendell-Baker, 457 U.S. at 852; Brown v. Philip Morris Inc., 250 F.3d 789, 802 (3d Cir. 2001) ("[T]he Supreme Court has declined to characterize [furnishing remedial education to high school students] as [a] government function[] for purposes of the public function analysis."); Cummings v. Office of Catholic Educ., No. 05-104, 2005 WL 1124103, at *1 (E.D. Pa. May 11, 2005) (noting that education is not a function reserved to the state).

The Garfield Park defendants also cannot be characterized as state actors under the symbiotic relationship test.  The plaintiffs have not alleged that the state "has so far insinuated itself into a position of interdependence" with Garfield Park

14

that it can be recognized as a joint participant.  The plaintiffs only allege that the two entities collaborated on Donlow's IEP. This alone, however, is insufficient to allege a symbiotic relationship.  See P.N., 282 F.Supp.2d at 226 (holding that private school implementing IEP was not acting under color of state law).  The receipt of public funding and existence of a contract with Garfield Park is also insufficient to create a symbiotic relationship or a close nexus with the state.  The plaintiffs have failed to establish that the Garfield Park defendants' actions are state actions, and as such, the Court will dismiss the Section 1983 and Section 1985 claims insofar as they are asserted against them.

The Court will deny the part of the motion seeking a more definite statement pursuant to Rule 12(e).  The plaintiffs seek to submit a Third Amended Complaint to remedy the defects of the Second Amended Complaint.  The Court will grant the plaintiffs leave to move to file a Third Amended Complaint.  The proposed Third Amended Complaint should include no claims against the Garfield Park defendants pursuant to federal law, in view of the Court's determination here.

## CONCLUSION

The Court, for the reasons stated supra, will grant the part of the motion seeking to dismiss the Section 1983 and Section 1985 claims insofar as they are asserted against the Garfield

15

Park defendants and deny the part of the motion seeking a more definite statement, but grant the plaintiffs leave to move to file a Third Amended Complaint.  Any perceived inadequacy of the Third Amended Complaint can be addressed by defendants in a motion directed to that pleading.


                                   s/ Mary L. Cooper
                                   **MARY L. COOPER**
                                   United States District Judge

Dated:    April 20, 2010

16