**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE DONLOW, et al., | CIVIL ACTION NO. 09-6248 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| GARFIELD PARK ACADEMY, et al., | |
| Defendants. | |

**THE DEFENDANTS**, on December 10, 2009, removed from state court this action to recover damages for injuries suffered by a minor student while attending school pursuant to, inter alia, 42 U.S.C. § 1983.  (Dkt. entry no. 1, Rmv. Not.; dkt. entry no. 38, 3d Am. Compl.)  The plaintiffs' federal claims were resolved as of February 18, 2011, prompting the plaintiffs to advise the Court that "there are no federal claims remaining in the case", and the action should be remanded.  (Dkt. entry no. 52, 2-18-11 Pls. Letter at 2; see dkt. entry no. 55, 2-21-11 Pls. Letter at 2; dkt. entry no. 68, Pls. Br. at 7.)  The plaintiffs now move to remand the action.  (Dkt. entry no. 68, Notice of Mot.)  The Court will decide the motion without oral argument.  See Fed.R.Civ.P. 78(b).  The Court is inclined to exercise the discretion to grant the motion and remand the action to state court.  See 28 U.S.C. § 1367(c).

**THE DEFENDANTS** argue that jurisdiction exists because some of the remaining defendants assert affirmative defenses based on

the Individuals With Disabilities Education Act ("IDEA").  (Dkt. entry no. 53, First 2-18-11 Defs. Letter at 1-2; dkt. entry no. 74, 4-5-11 Defs. Br.)  The argument is without merit.  A defense based on the IDEA does not completely preempt claims that are "independently available through other sources of law".  <u>M.M.R.-Z. v. Puerto Rico</u>, 528 F.3d 9, 14 (1st Cir. 2008); <u>Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4</u>, 644 F.Supp.2d 1084, 1088-90 (S.D. Ill. 2009) (noting, in matter where "[i]t seems likely that the only way the IDEA will enter into this case, if at all, is by way of a defense", that IDEA did not provide complete preemption); <u>John B. v. Bd. of Educ.</u>, No. 95-1679, 1995 WL 135541, at *1 (N.D. Ill. Mar. 22, 1995) (stating IDEA does not provide for complete preemption of state law).[1]

**THE DEFENDANTS** argue that there are potential cross-claims based on federal law remaining.  (Dkt. entry no. 54, Second 2-18-11 Defs. Letter at 1-2; dkt. entry no. 73, 4-4-11 Defs. Br.)[2]  The argument is without merit.  Jurisdiction cannot rest upon a counterclaim or a cross-claim, even if a counterclaim or a cross-claim is compulsory.  See <u>Vaden v. Discover Bank</u>, 129 S.Ct. 1262, 1272 (2009) (stating "it would undermine the clarity and simplicity of [the well-pleaded complaint] rule if federal courts

---

[1] The Court will not engage in a dissertation on the well-pleaded complaint rule and the preemption doctrine.

[2] The defendants do not point to any viable cross-claims under federal law that have already been pleaded.

were obliged to consider the contents not only of the complaint but also of responsive pleadings"); Langley v. Bobinger Realty Grp., No. 10-281, 2011 WL 111694, at *2 n.2 (S.D. Miss. Jan. 13, 2011) (dismissing action without prejudice to reinstate in state court, as plaintiff withdrew federal claim that had been asserted in initial complaint, and noting "even if [the counterclaim in this case presented a federal claim], this would not provide a basis for federal jurisdiction"); Beane v. Beane, No. 06-446, 2008 WL 1787105, at *2-3 (D.N.H. Apr. 18, 2008) (upon dismissal of plaintiff's federal claim, court declined jurisdiction based on federal counterclaim).

**THE DEFENDANTS** also generally argue that the Court should exercise the discretion to keep the action, as the action was pending here for one year before the plaintiffs' federal claims were resolved.  The Court declines to keep the action.  See 28 U.S.C. § 1367(c); Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999).

**THE COURT** will grant the plaintiffs' motion to remand.  For good cause appearing, the Court will issue an appropriate order and judgment.

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:  May 18, 2011